IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JEFFREY H. HUNT,

        Defendant.

CASE NO. 2:11-CR-441-KJM

ORDER ON DEFENDANTS MOTIONS FOR A BILL OF PARTICULARS AND MOTION FOR DISCOVERY

This case was before the Court on January 30, 2013, for hearing on the Defendant's Motion for a bill of Particulars and Motion for Discovery. The Defendant also filed a Motion to Suppress. By minute order dated January 4, 2013, the assigned district judge referred the Motion for a Bill of Particulars and Motion for Discovery to this court, and vacated the hearing on the Motion to Suppress, with leave to re-notice the hearing when appropriate. ECF No. 29.

After consideration of the moving and opposing papers and the arguments of counsel, the Court denied the motions and ordered the government to submit a proposed order memorializing the reasons stated on the record.[1] After some delay, the government submitted a proposed order and the defendant has submitted his objections to it. The Court has considered those filings as well and now issues the following written order.

////

////

////

---

[1] As stated at the January 30, 2013 hearing, although the Motion to Suppress must be presented to the district judge, the parties' briefing on that motion informs, in part, the issues raised on the discovery motion. Accordingly, the court has read that briefing on the suppression motion as well the pending motions for discovery and a Bill of Particulars and makes the following rulings with those arguments in mind.

2

Motion for a Bill of Particulars

The Court has reviewed the indictment and the items requested by the defendant in his Motion for a Bill of Particulars. A bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. *United States v. Long*, 706 F.2d 1044 (9th Cir. 1983). In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. *Id*.

The Court finds that the indictment, combined with the disclosures previously made to the defense, are adequate to inform the defendant of the government's theory of the case and obviates the need for a bill of particulars.

Accordingly, the Motion for a Bill of Particulars is DENIED.

Motion for Discovery

A. As the Court observed at the January 30, 2013 hearing, the government represented in its opposition brief and at oral argument that it has provided approximately 3,000 pages of discovery to the defense. Further, it is not controverted that the government has provided that discovery in a form that is cross-referenced by potential witnesses.

Additionally, as to the following materials, the government represents that no such materials are within its possession: information regarding informants, reports of surveillance conducted against the defendant, reports related to wiretaps, information concerning identification line-ups, the results of physical and mental examinations, and the results of scientific tests and experiments. Defense counsel at the hearing did not provide any basis on which they believed that this information exists, or was within the possession of the government.

Accordingly, the motion for discovery as to those items is DENIED.

B. The government also represents in its brief that the following materials have already been turned over to the defense: the defendant's criminal record, portions of the Revenue Agent's file, and all information in its possession related to the tax preparer for the tax years at issue in this case. The government also stated in its brief, and repeated at the hearing (reading from the government brief) that it would make the Revenue Agent's file available for inspection and copying at a time of mutual

1  convenience for the IRS and the defense, notwithstanding the government's view that the materials are
2  not discoverable under any rule of criminal discovery.

3      Accordingly, the motion for discovery as to those items is DENIED as moot.

4      C. For the reasons stated by the court at the hearing, the following items, requested by the
5  defense, are not subject to discovery absent a showing which the defendant has not made here: the
6  means of obtaining evidence, a list of individuals interviewed in the investigation, and transcripts of
7  matters occurring before the grand jury not involving the testimony of the defendant.  Based on the
8  information presented by the parties, the defendant did not testify before the grand jury, and there is
9  therefore no statement to be produced under Rule 16(a)(1)(B)(iii).

10     Accordingly, the motion for discovery as to those items is DENIED.

11     D. The following items requested by the defense are not discoverable at this stage in the
12 proceedings absent a showing which the defense has not made in his briefs or at argument: the
13 government's trial witness list; notice of evidence that the government intends to admit under rule
14 404(b); identifications, qualifications, and reports of expert witnesses; and *Giglio*, *Jencks*, and *Henthorn*
15 materials.

16     Accordingly, the motion for discovery as to those items is DENIED.

17     E. The following items have been requested by the defense and the government has represented
18 that it does not possess any such items: exculpatory evidence as defined in *Brady*.  At the hearing,
19 defense counsel listed several items that it considers exculpatory.  The government responded that it
20 does not consider those items to be exculpatory, but that it has nevertheless turned over all information
21 in its possession as to those topics, other than the files of the Fraud Technical Advisors which is
22 addressed below.

23     Material is exculpatory if it is "favorable to the accused" and material to the question of guilt or
24 punishment.  *Brady*, 373 U.S. 83, 87 (1963).  The Court considered the arguments of defense counsel as
25 to these items in light of the responses by the government, as well as the information contained within
26 the parties' briefs.  The Court does not find any reason to believe that exculpatory material is being
27 withheld by the government.
28 ////

1    Accordingly, the motion is DENIED as to those items.  The government is reminded of its
2    ongoing disclosure obligations under *Brady* and the local rules of this court.
3    F.  The defendant has requested access to the files of the IRS Fraud Technical Advisors who
4    worked on this case.  The government replied in its brief that it was determining whether responsive
5    documents exist and, if so, whether they contain information subject to disclosure as exculpatory under
6    *Brady* or otherwise discoverable under Rule 16.  As the Court observed at the hearing, having reviewed
7    the parties' briefs both with respect to the pending motions as well as the Motion to Suppress, mere
8    contact between the revenue agent and the fraud technical advisors does not itself appear to be
9    information that is anyway "exculpatory."  *See United States v. Knight*, 898 F.2d 436 (5th Cir. 1990).
10   Accordingly, in light of the government's representations as to the discovery produced as of the
11   date of the hearing and its clear statement of its awareness of its ongoing disclosure obligations under
12   *Brady* and the applicable discovery rules, the motion is DENIED as to the Fraud Technical Advisor's
13   files.
14   SO ORDERED.
15   DATED:  June 6, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE